TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Valerie Holt

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Holt,<br><br>            Plaintiff,<br><br>      vs.<br><br>U.S. Collections West, Inc.; and<br>DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Valerie Holt, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Valerie Holt (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, U.S. Collections West, Inc. (hereafter "USCW"), is an Arizona company with an address of  2320 W. Peoria Avenue, #C116, Phoenix, Arizona, 85029, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by USCW and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      USCW at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $320.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to USCW for collection, or USCW was employed by the Creditor to collect the Debt.

11.     USCW attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. USCW Engages in Harassment and Abusive Tactics

12.     On or around September 19, 2012, USCW began contacting Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's cellular phone.

3

13.     During each conversation with Plaintiff, USCW demanded immediate satisfaction of the Debt from Plaintiff and yelled over Plaintiff when she attempted to communicate with USCW.

14.     On at least one occasion, USCW threatened to bring legal action against Plaintiff; however, no such legal action has been taken.

15.     During a conversation on September 25, 2012, USCW threatened to garnish Plaintiff's wages and stated that the state of Arizona would enforce such garnishment.

16.     At the time USCW threatened garnishment, it did not have the ability to effectuate an immediate garnishment of Plaintiff's wages because it had not obtained a judgment.

17.     Furthermore, USCW failed to provide Plaintiff with written validation of the Debt.

**C. <u>Plaintiff Suffered Actual Damages</u>**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

25.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28.     The Defendants failed to send Plaintiff an initial letter within five days of its

initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

29.     The Defendants continued collection efforts even though the debt had not been

validated, in violation of 15 U.S.C. § 1692g(b).

30.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations in an amount to be determined at trial; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 1, 2012                    LEMBERG & ASSOCIATES, LLC


By:  __/s/   Trinette G. Kent_____
Trinette G. Kent

Attorney for Plaintiff
Valerie Holt

7